

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-25-00005-CR

TERRI LASHURN YATES, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 30317

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

MEMORANDUM OPINION

Terri Lashurn Yates pled guilty to assaulting a peace officer. *See* TEX. PENAL CODE ANN. § 22.01 (Supp.). Pursuant to a plea agreement with the State, the trial court placed Yates on deferred adjudication community supervision for five years. The following year, the State alleged that Yates violated the terms and conditions of her community supervision and moved to adjudicate her guilt. After an evidentiary hearing, the trial court found the State's allegations true, revoked Yates's deferred adjudication community supervision, found her guilty of assaulting a peace officer, and sentenced her to eight years' imprisonment. Yates appeals.

Yates's attorney has filed a brief stating that he reviewed the record and found no genuinely arguable issues that could be raised on appeal. The brief sets out the procedural history of the case and summarizes the evidence elicited during the course of the trial court proceedings. Since counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, that evaluation meets the requirements of *Anders v. California*. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On April 7, 2025, counsel mailed to Yates copies of the brief, the motion to withdraw, and the appellate record. Yates was informed of her rights to review the record and file a pro se response. By letter dated April 8, this Court informed Yates that her pro se response was due on

2

or before May 8. On May 21, we further informed Yates that the case would be set for submission on June 11. We received neither a pro se response from Yates nor a motion requesting an extension of time in which to file such a response.

We have reviewed the entire appellate record and have independently determined that no reversible error exists. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). However, we found nonreversible error in the trial court's judgment.

The judgment reflects that Yates pled true to the State's allegations in the motion to adjudicate guilt, but the reporter's record shows that Yates pled not true to the allegations.

Accordingly, we modify the trial court's judgment to reflect that Yates pled not true to the State's allegations in its motion to proceed to an adjudication of guilt. As modified, we affirm the trial court's judgment.[1]


Scott E. Stevens
Chief Justice


Date Submitted:      June 11, 2025
Date Decided:        July 23, 2025

Do Not Publish

---

[1]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.